PEOPLE ex rel. CONGREGATION AGUDES ACHIM ANSHEI BABRIOSK v. LIFSHITZ.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

APPEAL—GRANT OF MANDAMUS—REVIEW.

Upon appeal from an order granting a writ of peremptory mandamus, the court must take the statements in the opposing affidavits as true, and deny the order, unless, on the undisputed facts, the relief is proper.

Appeal from special term, New York county.

Application by the people, on relation of Congregation Agudes Achim Anshei Babriosk, for writ of mandamus against William Lifshitz. From an order granting the writ, defendant appeals. Reversed.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

L. B. Schleimer, for appellant.
E. Rosenthal, for respondent.

PER CURIAM. The order appealed from requires the defendant to appear at all meetings of the relator presided over by Abraham Lait, its president, of which he shall receive notice, and bring with him the books of the corporation. The constitution provides that books and documents shall be in the custody of the secretary. The papers disclose a dispute as to who are the true officers of the relator. The petition for the writ is supported by the affidavit of Abraham Lait and others, alleging that Lait was elected president of the relator on April 9, 1898, and that the defendant has abstracted the books, and thus hampered Lait in the performance of his duties. On the other hand, the defendant explicitly denied that Lait is the president of the relator, and alleged that he was removed from office for malfeasance, and that his successor has been appointed. It is further alleged that this proceeding was begun without the authority of the relator, and that this application is made in bad faith, in order to impede the relator in obtaining collection of its assets. The defendant's affidavit is corroborated by over 30 other affidavits. A plain issue of fact is presented. It is well settled that upon appeal from an order granting a writ of peremptory mandamus the court must take the state-

ments in the opposing affidavits as true, and deny the order, unless, on the undisputed facts, the relief is proper. Code, § 2070; Haebler v. Produce Exchange, 149 N. Y. 414, 44 N. E. 87. Here, according to the opposing affidavits, the relator has never moved at all for the relief sought; and the order must be reversed, and the motion denied, with $50 costs and disbursements.